**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**
**CIVIL ACTION NO. _____**

*THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED*

**MICHAEL CORDLE**                                                               **PLAINTIFF,**

**vs.**

**DANNY CLARK, individually and in his**
**Official capacity as Leslie County Jailer,**
**JACKIE COOTS, WILL BAKER,**
**JOSH NAPIER , and ASHTON LEWIS**                          **DEFENDANTS.**

---

**ANSWER**

---

Comes the Defendants, Danny Clark, Jackie Coots, Will Baker, Josh Napier, and Ashton Lewis, in their individual and official capacity, by and through counsel, hereby submit their Answer to the Plaintiff's Complaint and state as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. §1983, Kentucky and/or Federal common or statutory law, for Federal or State claims of punitive damages, for Federal or State claims for failure to train or supervise, for Federal or State law claims of negligence, vicarious liability, negligence per se, gross negligence, and/or violations of 42 U.S.C. ¶1983, the Eighth or Fourteenth Amendment

1

to the U.S. Constitution, the Civil Rights Act of 1871, KRS 71.020, 71.040, and 42 U.S.C. § 1988 should therefore be dismissed.

### THIRD DEFENSE

Defendants hereby plead the Doctrine of Legislative Immunity as a complete defense to Plaintiff's Complaint.

### FOURTH DEFENSE

Defendants assert that Plaintiff is not entitled to punitive damages on the claims contained in Plaintiff's Complaint.

### FIFTH DEFENSE

The applicable statute of limitations may bar this cause of action.

### SIXTH DEFENSE

Plaintiff's Complaint against Defendants is barred by the Doctrine of Sovereign Immunity.

### SEVENTH DEFENSE

The Complaint fails to state a claim for punitive damages under Kentucky Common Law, pursuant to KRS 411.182, 184, 186, or under Federal law and should therefore be dismissed. Defendants plead lack of bad faith, lack of deliberate indifference, lack of reckless disregard and lack of any other culpable state of mind necessary for the imposition of punitive damages as a bar in whole or in part, to any punitive damages asserted. In addition, the Plaintiff's claims for punitive damages against Defendant cannot be sustained because:

1)          an award of punitive damages under Kentucky law without proof of every element beyond a reasonable doubt;

2)      an award of punitive damages under Kentucky law without bifurcating the trial of all punitive damage issues;

3)      any award of punitive damages under Kentucky law subject to no predetermined limits such as a maximum multiple of compensation damages or a maximum amount on the award of punitive damages, that a jury could impose;

4)      an award of punitive damages under Kentucky law without the same protections that are afforded to all criminal Defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the right to confront adverse witnesses, a speedy trial and the effective assistance of counsel;

would violate the Defendants' rights and rights to due process under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment and by Sections 2, 10, 11, 13 and 14 of the Kentucky Constitution.

## EIGHTH DEFENSE

Any claim for punitive damages against Defendant cannot be sustained because an award of punitive damages under Kentucky law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size of a punitive damages award, and/or (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages

under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state required and is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size of a punitive damages award, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by Sections 2, 3, 13 and 17 of the Kentucky Constitution.

## NINTH DEFENSE

Any award of punitive damages based on anything other than Defendant's alleged conduct regarding the subject of this lawsuit would violate the Due Process Clause of the Fifth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment by Sections 2 and 13 of the Kentucky Constitution because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong.

## TENTH DEFENSE

The Complaint is barred by sovereign, governmental, official capacity, official, discretionary, qualified, judicial, and/or qualified official immunity, absolute immunity, and by any other immunities afforded to governmental entities, officers, or employees.

## ELEVENTH DEFENSE

Plaintiff's Complaint against Defendants is barred by the Doctrines of Absolute and/or Qualified Immunity.

## TWELFTH DEFENSE

As an affirmative defense, Defendants plead waiver, estoppel, and failure to exhaust administrative remedies, failure to mitigate damages, insufficient process and insufficient service of process.

## THIRTEENTH DEFENSE

The Complaint is barred by the doctrines of good faith and on the basis of probable cause and should therefore be dismissed.

## FOURTEENTH DEFENSE

Plaintiff's damages, if any there are, are the result of the Plaintiff's own negligence and/or intentional acts, or are the result of negligence or intentional acts of some third person or persons but were in no way related to the acts of these Defendants and should therefore be dismissed.

## FIFTEENTH DEFENSE

The Complaint is barred by the doctrine of failure of condition precedent, self-defense, defense of others, legal authority and/or waiver.

## SIXTEENTH DEFENSE

The Defendant denies all allegations of liability and/or damages contained within the Complaint and every other allegation not specifically below or above admitted.

## SEVENTEENTH DEFENSE

Federal and Kentucky Law bar vicarious liability or respondeat superior claims.

## EIGHTEENTH DEFENSE

At all times relevant herein, the Defendants acted in accordance with the letter and the spirit of all applicable common law, statutes and Constitutions of the Commonwealth of Kentucky and the United States of America, and the Defendants rely upon same as a complete bar to all claims of the Plaintiff herein.

## NINETEENTH DEFENSE

At all times relevant herein, the Defendants' actions were in furtherance of a governmental function in which discretionary acts were performed in good faith with an objectively reasonable belief that their actions were lawful, and the Defendants plead and rely upon such defense as a complete bar to the claims of the Plaintiff herein.

## TWENTIETH DEFENSE

The Plaintiff's Complaint is barred by KRS 65.200, et seq.

## TWENTY-FIRST DEFENSE

With regard to the allegations contained in ¶ 1, 11, 12, 13, 14, 16, 17, 19, 24, 26, 27, 28, 30, 31, 32, 33, 34, 37, 38, 39, 42, 43, 44 and the Prayer for Relief of the Complaint, these Defendants deny the allegations contained therein.

With regard to the allegations contained in ¶ 2, 8, 9, 10, 15, 18, 20, 21, 22, 23, 36, and 41 of the Complaint, these Defendants are without knowledge to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny same.

With regard to the allegations contained within ¶ 3 of the Complaint, these Defendants would admit so much that Danny Clark is the elected Jailer of Leslie County, but with regard to the remainder of the allegations contained in ¶ 3, these Defendants

would state that the interpretation and application of statutes is or may be a question of law.

With regard to the allegations contained within ¶ 4, 5, 6, and 7 of the Complaint, these Defendants admit so much that states the Defendants, Jackie Coots, Will Baker, Josh Napier, and Ashton Lewis were employees of the Leslie County Detention Center. As to the remaining allegations of ¶ 4, 5, 6, and 7 of the Complaint, these Defendants would state that the responsibilities or duties of each Defendant is or may be a matter of law and therefore, the Defendants are without knowledge to form a belief as to the truth or falsity of the remainder of the allegations contained in said paragraphs.

With regard to the allegations contained in ¶ 25, 29, 35, and 40 of the Compliant, these Defendants incorporate by reference their Answers and Defenses previously set forth in this Answer and rely on same as a defense to this action.

Wherefore, the Defendants pray that the Complaint be dismissed, for their costs herein expended, to their attorney fees, to a trial by jury, and to all other relief to which they may appear entitled.

Respectfully submitted,

Jason E. Williams, Esq.
Williams Law Office
802 North Main Street
P.O. Box 3199
London, KY 40743-3199
Telephone:  (606) 877-5291
Facsimile:  (606) 877-5294


By:     /s/ Jason E. Williams
        JASON E. WILLIAMS, ESQ.
        *Counsel for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 3, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following and a copy was mailed first class mail:


Judge Oscar G. House
Justice Center
316 Main Street, Suite 320
Manchester, Kentucky 40962

Craig Henry, PLC
Aaron Bentley, Esq.
Michele Henry, Esq.
239 South Fifth Street, Suite 1400
Louisville, Kentucky 40202


/s/ Jason E. Williams
Jason E. Williams, Esq.
*Counsel for Defendants*